## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## PANAMA CITY DIVISION

JERRY NEIL ALFRED,

           Petitioner,

v.                                  Case No.  5:17-cv-214-MCR/MJF

JORGE LABARGA,

           Respondent.

_____/

## REPORT AND RECOMMENDATION

This case is before this court upon referral by the clerk of the court. Petitioner, a Florida inmate proceeding *pro se* and *in forma pauperis*, commenced this action by filing a "Petition for Declaratory Judgment," pursuant to 28 U.S.C. §§ 1331 and 2201. (Doc. 1). The Petitioner seeks a declaration that the Florida Supreme Court erred in deciding *Baker v. State,* 878 So.2d 1236 (Fla. 2004). For the reasons set forth below, the undersigned respectfully recommends that the District Court dismiss this action for lack of subject matter jurisdiction.[1]

---

[1] The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b).

## I.    Background

In 2007, a Florida court convicted Petitioner of second-degree murder and sentenced him to life imprisonment. On direct appeal, the Florida District Court of Appeals affirmed his conviction and sentence. *See Alfred v. State*, 820 So.2d 1084 (Fla. 3d Dist. Ct. App. 2002); *Alfred v. State*, 935 So.2d 72 (Fla. 3d Dist. Ct. App. 2006).

From 2015 to 2017, Petitioner filed four petitions for a writ of habeas corpus with the Florida Supreme Court. *Alfred v. Fla. Supreme Court*, No. 17-13580, 2018 WL 6179009, at *1 (11th Cir. Nov. 27, 2018) (citing *Alfred v. Jones*, 163 So.3d 507 (Fla. 2015) (table); *Alfred v. Jones*, No. SC16-908, 2016 WL 3745761 (Fla. July 13, 2016); *Alfred v. Jones*, No. SC16-1427, 2016 WL 5640805 (Fla. Sept. 29, 2016); *Alfred v. Jones*, No. SC17-1566, 2017 WL 5443141 (Fla. Nov. 14, 2017)). These petitions were dismissed as unauthorized pursuant to the procedure articulated in *Baker v. State,* 878 So.2d 1236 (Fla. 2004). *Id.*

In the present case, Petitioner sues the Honorable Jorge Labarga, Honorable R. Fred Lewis, Honorable Barbara J. Pariente, and Honorable Peggy A. Quince, claiming that these Justices were sitting members of the Florida Supreme Court that decided the *Baker* case, which Petitioner contends violates the Due Process Clause and the Equal Protection Clause. Petitioner seeks a declaration that the Defendants violated the United States Constitution.

## II.    Lack of Subject Matter Jurisdiction

Because federal courts are courts of limited jurisdiction, a federal court cannot consider the merits of a case unless and until it is assured of its subject matter jurisdiction. *Belleri v. United States*, 712 F.3d 543, 547 (11th Cir. 2013). A federal "court must dismiss a case without ever reaching the merits if it concludes that it has no jurisdiction." *Goodman ex rel. Goodman v. Sipos*, 259 F.3d 1327, 1331 n.6 (11th Cir. 2001) (quoting *Capitol Leasing Co. v. Fed. Deposit Ins. Corp.*, 999 F.2d 188, 191 (7th Cir. 1993)); Fed. R. Civ. P. 12(h)(3) ("If the court determines *at any time* that it lacks subject matter jurisdiction, the court must dismiss the action") (emphasis added).

Here, Petitioner seeks review of the Florida Supreme Court's decision in *Baker v. State,* 878 So.2d 1236 (Fla. 2004). Congress, however, "has given only the United States Supreme Court the ability to hear an appeal from a state court decision." *Target Media Partners v. Specialty Marketing Corp.*, 881 F.3d 1279, 1284 (11th Cir. 2018). Specifically, the relevant provision of the United States Code provides that: "Final judgments or decrees rendered by the highest court of a State in which a decision could be had, may be reviewed by the Supreme Court . . . ." 28 U.S.C. § 1257(a). This statute provides such appellate jurisdiction only to the Supreme Court, and not to district courts. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 292, 125 S. Ct. 1517, 1526 (2005) ("§ 1257, as

long interpreted, vests authority to review a state court's judgment solely in [the Supreme] Court."); *Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir. 2009). Furthermore, two potentially relevant statutes that provide district courts with jurisdiction specify that district courts enjoy "original" jurisdiction and not appellate jurisdiction in diversity and federal question cases. See 28 U.S.C. §§ 1331, 1332.

As the Supreme Court stated in *District of Columbia Court of Appeals v. Feldman*, "a United States District Court has no authority to review final judgments of a state court in judicial proceedings." 460 U.S. 462, 482, 103 S. Ct. 1303, 1315 (1983). The decision in *District of Columbia Court of Appeals v. Feldman* is one part of the "*Rooker-Feldman*" doctrine that recognizes that federal district courts cannot exercise "appellate jurisdiction over final state-court judgments." *Nicholson v. Shafe*, 558 F.3d 1266, 1268 (11th Cir. 2009); *Casale*, 558 F.3d at 1260. This doctrine applies even to cases which are not explicitly "styled as an appeal of a state court judgment." *May v. Morgan Cty., Ga.*, 878 F.3d 1001, 1008 (11th Cir. 2017).

It is worth noting that this is not the Petitioner's first lawsuit requesting federal district court review of the Florida Supreme Court's decision in *Baker v. State,* 878 So.2d 1236 (Fla. 2004). *See Alfred v. Fla. S. Ct.*, No. 17-13580, 2018 WL 6179009, at *2 (11th Cir. Nov. 27, 2018). In December 2016, Petitioner filed an action in the

Middle District of Florida. *Alfred v. Fla. Supreme Court*, No. 2:16-cv-864-SPC-MRM (ECF No. 1) (M.D. Fla. Dec. 1, 2016). The district judge construed the Petitioner's filing as a section 2254 petition and dismissed it *sua sponte*. *Alfred v. Fla. Supreme Court*, 2:16-cv-864-SPC-MRM (ECF no. 5) (M.D. Fla. Jan. 4, 2017). In an unpublished decision, the Eleventh Circuit affirmed the district court's decision to dismiss. *Alfred v. Fla. Supreme Court*, 756 F. App'x 889, 891 (11th Cir. 2018). The Eleventh Circuit stated: "The district court determined correctly that Alfred's petition was subject to dismissal. Under the *Rooker-Feldman* doctrine, federal district courts lack jurisdiction to review final judgments of state courts." *Alfred*, 756 F. App'x at 891.

In the present case, the district court lacks subject matter jurisdiction to entertain the Petitioner's case for the same reasons set forth in the Eleventh Circuit's decision. Namely, by seeking a declaration that the Florida Supreme Court's *Baker* decision is unconstitutional, Petitioner essentially seeks to appeal his loss in the Florida Supreme Court to the United States District Court for the Northern District of Florida. Petitioner's claim is so "inextricably intertwined" with the Florida Supreme Court's *Baker* decision that no federal court has subject matter jurisdiction to entertain such an action. *Alfred*, 756 F. App'x at 891; *Casale*, 558 F.3d at 1260.

Accordingly, Petitioner's complaint should be dismissed for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3); *Exxon Mobil Corp.*, 540 U.S. at 283-84, 125 S. Ct. at 1521 (noting that suits subject to the *Rooker-Feldman* doctrine are "properly dismissed for want of subject-matter jurisdiction"); *Goodman*, 259 F.3d at 1331 n.6.

## III.   Conclusion

Based on the foregoing, the undersigned respectfully **RECOMMENDS** that:

1.      This action be dismissed for lack of subject matter jurisdiction; and

2.      The clerk of the Court be directed to close the case file.

At Panama City, Florida, this 22 nd day of April, 2019.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**